UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS KRAEMER,

                Plaintiffs,

-against-

AMY (DeRAYMOND) FONTNO, ET AL.,

                Defendants.

14-CV-9343 (LAP)

TRANSFER ORDER

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff, appearing *pro se,* brings this action under 28 U.S.C.§§ 1331 and 1332, alleging that Defendants "orchestrated retaliation and attempted cover-up" by kidnapping and forcefully imprisoning his disabled daughter, and prescribing to her "potentially lethal pharmaceutical." (Am. Compl. at 5.) By order dated March 13, 2015, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Pennsylvania.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this action against his daughter's mother, three of his daughter's court-appointed guardians, and various entities involved in his daughter's medical affairs and educational trust – all of these defendants are located in Pennsylvania.  He asserts claims of retaliation and a cover-up with respect to his daughter's care.  Despite Plaintiff's assertion that venue is proper in this Court, his claims appear to stem from or are related to issues in a case before the Eastern District of Pennsylvania.[1]  *See E.K. v. Easton Area School Dist.*, No. 06-CV-3592 (E.D.N.Y. Dec. 17, 2007).  Because Plaintiff does not show that any defendant resides in this district or that a substantial part of the events or omissions giving rise to the claims arose in this district, venue is not proper in this Court under § 1391(b).  Plaintiff's claims concerning his daughter's alleged mistreatment, kidnapping, and disability assessment all arose in Northampton County, Pennsylvania, which is in the Eastern District of Pennsylvania.  *See* 28 U.S.C. § 118.  Accordingly, venue lies in the Eastern District of Pennsylvania, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of Pennsylvania, *see* 28 U.S.C. § 1406(a).

The Clerk of Court is directed to assign this matter to my docket and to mail a copy of this order to Plaintiff.  The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania.  The Court declines to rule on the

---

[1] Plaintiff, who is a resident and citizen of the State of New York, asserts that venue is proper in this Court because "a substantial part of the events giving rise to the claim had their intended effects in New York County." (*See* Am.Compl.at 5.)  Despite Plaintiff's contention and his attenuated and speculative claim that Defendants are retaliating against him for claims made to the United States Court of Appeals for the Second Circuit in the dismissed appeal of a case against his landlord, *see Kraemer v. Edelstein*, No. 14-CV-3804 (LAP) (S.D.N.Y. June 9, 2004), *appeal dismissed*, No. 14-2221 (2d Cir. Oct. 17, 2014), it is clear that venue is not proper in this Court.  Plaintiff brings this action against defendants who were/are involved in the action in the Eastern District of Pennsylvania, and references matters in that case, including Magistrate Judge Timothy Rice's appointment of guardians for his daughter and the settlement agreement reached in that case.  In addition, the relief Plaintiff seeks is likely to affect matters over which the Eastern District of Pennsylvania continues to exercise jurisdiction.

motion for a temporary restraining order and Plaintiff's other requests for various forms of relief, and leaves the determination of these requests to the transferee court.

This order supersedes the provision of Rule 83.1 of the Local Rules for the Southern District of New York that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee court.  A summons shall not issue from this Court.  This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 18, 2015
        New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Chief United States District Judge